IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CHAD AND TONYA RICHARDSON,
Individually, and as Parents and Next
Friends of L.                                                                                    PLAINTIFFS

V.                                        CASE NO. 3:17-CV-3111

OMAHA SCHOOL DISTRICT                                                            DEFENDANT

## OPINION AND ORDER

Currently before the Court are the following: (1) a Motion for Leave to Amend Complaint (Doc. 44) filed by Plaintiffs Chad and Tonya Richardson, Individually, and as Parents and Next Friends of L.; (2) a Response in Opposition to the Motion (Doc. 48) filed by Defendant Omaha School District; and (3) a Reply to Defendant's Response (Doc. 52) filed by Plaintiffs. Plaintiffs also requested a hearing on the Motion. However, the Court finds that the issues are abundantly clear from the parties' briefing, particularly given the fact that Plaintiff was granted leave of Court to file a written Reply to Defendant's Response. The Court believes that oral argument on these issues is unnecessary and would not be beneficial. Accordingly, Plaintiffs' request for a hearing is **DENIED**, and their Motion for Leave is also **DENIED**, as explained below.

On December 4, 2017, Plaintiffs filed their Complaint (Doc. 1) against multiple defendants, including Omaha School District. The defendants jointly filed a motion for partial dismissal of certain Counts of the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). On February 12, 2018, the Court held a hearing on the motion, and the Court took the matter under advisement after the parties presented oral argument. On February 20, 2018, the Court issued a Case Management Order (Doc. 21), setting a

1

trial date and other deadlines in the case, including a deadline of June 12, 2018, for either party to seek leave to amend pleadings and/or add or substitute parties.

On March 22, 2018, the Court issued a written Order (Doc. 23) granting the motion and dismissing Count I of the Complaint with prejudice, due to the running of the statute of limitations, and Counts IV, V, VI, VIII, and IX without prejudice, pursuant to Rule 12(b)(6). The effect of the Order was that all defendants except Omaha School District were dismissed from the case, and all Counts of the Complaint were dismissed except Counts II and III.

On July 13, 2018, about a month after the Court's deadline to seek leave to amend pleadings or substitute parties, Plaintiffs notified the Court that they had changed attorneys. Plaintiffs' motion to substitute counsel (Doc. 25) explained that attorney Theresa L. Caldwell had been terminated and attorney John R. Elrod had been hired in her place and had entered his appearance. The Court granted Plaintiffs' motion to substitute the same day it was filed. *See* Doc. 26.

The docket reflects no further activity in the case until September 20-21, 2018, when attorneys George M. Rozzell, IV, and Mason L. Boling joined Mr. Elrod in entering their appearances on behalf of the Plaintiffs. Then, on September 27, 2018, Mssrs. Elrod and Rozzell filed an unopposed motion to amend the Case Management Order (Doc. 29). On Plaintiffs' behalf, they requested extensions of the following: (1) the deadline to provide expert witness disclosures and written reports, (2) the deadline to provide expert rebuttal reports, and (3) the deadline to file motions for summary judgment and *Daubert* motions. Plaintiffs specifically asked "*[t]hat all other deadlines remain the same as set*

*forth in the present Case Management Order."* Id. at 1 (emphasis added). The Court granted the motion on September 29, 2018.

The docket reveals no further activity—other than a discovery dispute that was mooted by agreement, see Doc. 40—until February 25, 2019, when Defendant filed a motion for summary judgment (Doc. 36). Plaintiffs filed their response to summary judgment on March 11, 2019. And two days after that, on March 13, 2019, Plaintiffs filed the instant Motion for Leave to Amend Complaint (Doc. 44).

To recap the timeline, the Motion for Leave was filed:

- more than fifteen months after Plaintiffs filed the original Complaint (12/4/17);
- more than one year after the Case Management Order set the deadline to amend pleadings (2/20/18);
- nine months after the deadline to amend pleadings (6/12/18);
- eight months after Mr. Elrod, Plaintiffs' new (and current) attorney, first entered his appearance in the case (7/13/18);
- five months after Mr. Elrod and his co-counsel sought leave of Court to amend certain deadlines—but *not* the deadline for amending pleadings (9/27/18);
- sixteen days after Defendant filed for summary judgment (2/25/19); and
- two days after Plaintiffs filed a response to the motion for summary judgment (3/11/19).

The law is clear that deadlines set in a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule

3

15(a)." *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). Sometimes other factors, such as prejudice to the nonmoving party, may be considered—but not in the absence of diligence by the moving party. *See id.* Good cause does not exist "[w]here there has been no change in the law, no newly discovered facts, or any other changed circumstance after the scheduling deadline for amending pleadings." *Hartis*, 694 F.3d at 948 (internal quotation marks and alterations omitted).

A review of Plaintiffs' Motion for Leave to Amend does not mention the good-cause standard that applies when leave to amend is sought outside the time period established by a scheduling order. Plaintiffs incorrectly cite to Rule 15, which does not apply. Their Motion for Leave explains reasons why they believe amendment is necessary, but it fails to explain why Plaintiffs and their counsel waited such an inordinate amount of time to seek leave to amend. Since no good cause for delay is mentioned in the Motion, there is no need for the Court to examine the substance of the proposed amended complaint to determine whether any new facts or claims are potentially meritorious.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to Amend Complaint (Doc. 44) is **DENIED**.

**IT IS SO ORDERED** on this 5th day of April, 2019.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

4